IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CR-70-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| CLAYTON ATKINSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the FBI. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 5 March 2008 for the following offenses alleged to have occurred beginning in or about December 2004 continuing until 5 March 2008: conspiracy in violation of 18 U.S.C. § 371 (ct. 1); wire fraud, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2 (cts. 2-8); mail fraud, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1341 and 2 (cts. 9-34); and interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (ct. 35). The evidence presented at the hearing showed that the charges arise from a scheme in which defendant obtained money from generally elderly victims by telling them over the telephone that

they had won prizes but needed to pay taxes on them as a condition of receipt. The total sum obtained was at least $900,000. Defendant was in Canada and had the money sent there, and the victims were in various states in the United States. The government's witness testified in detail regarding the investigative techniques used to identify defendant and secure his arrest. The evidence obtained showed that defendant was the leader of the scheme and did most of the calling to victims.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above ; the fraud-based nature of the offenses charged; the circumstances of the offenses charged, including the exploitation of vulnerable elderly victims, the duration of the scheme, the amount of money obtained, and the international and multistate nature of the scheme; defendant's criminal record, including 13 convictions; and, as indicated, the other findings and reasons stated in open court.

Defendant argues that although he has known of the government's investigation and prosecution of him for a matter of years the fact that he did not leave Canada shows that he is not a flight risk. He proposes that he be released to Canada. In fact, defendant's criminal record, the alleged offense conduct, the extended prison term he faces if convicted, his manifest propensity to engage in fraud, and his ties to Canada, among other evidence, establish that he presents a risk of flight no conditions can reasonably address.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 11th day of March 2011.

James E. Gates
United States Magistrate Judge